h COOKS, Judge.
On April 21, 1999, Robert Villarreal, Jr., was injured when he was struck by a truck while stopped on the side of the road. Although there was no dispute as to the occurrence of the accident, the Louisiana Workers’ Compensation Corporation (LWCC) disputed whether Villarreal was acting in the course and scope of his employment with Communications Systems Technology, Inc., (CST) at the time of the accident. LWCC maintained he was not and refused to pay any compensation benefits to Villarreal.
Villarreal filed a disputed claim for compensation with the Office of Workers’ Compensation (OWC) on June 23, 1999. The matter was tried before the OWC, and on September 5, 2000 the workers’ compensation judge (WCJ) rendered judgment *107 finding Villarreal was engaged in the course and scope of his employment at the time of the accident. LWCC paid all past due benefits and began' paying weekly disability benefits in accordance with the judgment. However, LWCC did not pay or reimburse Villarreal for his outstanding medical expenses. According to Villarreal, as of April, 2001, LWCC had not paid or reimbursed him for any of his outstanding medical expenses.
On April 3, 2001, Villarreal filed a second disputed claim for benefits with the OWC demanding payment of all past medical expenses owed. In response to the claim, LWCC agreed to pay all outstanding medical expenses, and also agreed to pay $2,500.00 in penalties and attorney fees. Villarreal subsequently dismissed the pending claim. However, LWCC still failed to pay or reimburse Villarreal for the outstanding medical expenses. Trial was rescheduled. Counsel for Villarreal sent a letter to LWCC demanding the payment of the outstanding medical expenses, and 12also requesting penalties and attorney fees for LWCC’s failure to pay.
In November of 2001, the parties reached a compromise settlement. LWCC agreed to pay all outstanding medical expenses incurred by Villarreal prior to November 30, 2001. According to Villarreal, when the settlement document arrived it did not provide for payment of the outstanding medical expenses by LWCC. Instead, the document provided Villarreal waive his claim for payment of any and all medical expenses-past, present and future. In response, counsel for Villarreal contacted LWCC and was instructed by it in December of 2001 to amend the documents to indicate LWCC’s agreement to pay the outstanding medical expenses. This was done and forwarded to LWCC. When counsel for Villarreal did not receive the executed documents by January 15, 2002, the claimant decided to file a disputed claim for compensation with the OWC. That disputed claim was filed on January 18, 2002. LWCC subsequently filed the executed settlement documents with the OWC on January 19, 2002. The OWC approved the settlement that day and issued a judgment. LWCC failed to pay the outstanding medical expenses within thirty days of that date.
Villarreal’s disputed claim for compensation was tried on June 17, 2002. The WCJ issued a judgment finding LWCC failed to pay the outstanding medical expenses within thirty days of the January 19, 2002 settlement judgment in violation of La.R.S. 23:1201(G). Villarreal was awarded $3,000.00 in penalties and $5,000.00 in attorney fees. LWCC and CST appealed the trial court’s judgment, asserting the following assignments of error:
1. The judgment of the OWC was legal and manifest error because it awarded attorney’s fees and penalties for failure to comply with a “judgment” that did not exist at the time the cause of action was | .¡commenced. By relying on a wrong judgment, the OWC erred by applying the incorrect law and consequently, failed to recognize Res Judicata which would have otherwise rendered the entire proceeding moot.
2. The OWC abused its discretion when it failed to recognize a stipulation not to sue for penalties and attorney’s fees and furthermore, erred by disregarding evidence that showed that LWCC was not unreasonable, arbitrary or capricious in the handling of the claim.
ANALYSIS
The WCJ awarded Villarreal $3,000.00 in penalties and $5,000.00 in attorney fees in accordance with La.R.S. 23:1201(G), which provides:
*108 G. If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers’ compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.
LWCC argues the claim for penalties and attorney fees under La.R.S. 23:1201(G) is barred by res judicata,. LWCC’s argument is premised on its contention that the parties agreed in the settlement agreement that no further claims would be brought against LWCC. This is not an accurate representation of the claimant’s intent. Further, the claim brought by Villarreal in this case is essentially a request for enforcement of a settlement approved and rendered in the form of a judgment by the OWC. To not allow a claimant to enforce the settlement judgment would render the provisions of subsection G meaningless. Claimants would be unable to enforce their rights in the event they were not paid the amounts agreed to Lin the settlement.
LWCC also argues it should not be assessed penalties and attorney fees under La.R.S. 23:1201(G) because it was not arbitrary and capricious. LWCC states it attempted to pay all submitted medical bills, “but the process of identifying and verifying the paid (by Claimant counsel) and unpaid bills was becoming time consuming. Additionally, LWCC was faced with the burden of adjusting each submitted expense pursuant to the Workers’ Compensation Fee Schedule.” La.R.S. 23:1201(G) does provide an exception to the mandatory imposition of penalties and attorney fees if the “nonpayment results from conditions over which the employer had no control.” As LWCC notes, this exception precludes the WCJ from awarding penalties and attorney fees where the employer meets its burden of proof of establishing that the nonpayment resulted from conditions not under his control. The WCJ apparently concluded that LWCC’s failure to pay did not result from conditions beyond its control and was “unreasonable.” We can find no basis in the record to disturb this factual finding of the WCJ.
Villarreal has requested additional attorney fees for the work necessitated by this appeal. An increase in attorney fees is warranted on appeal when the defendant unsuccessfully appeals, and the appeal necessitates additional work. Sinegal v. Able Glass Co., Inc., 95-10 (La.App. 3 Cir. 10/11/95), 663 So.2d 393. We will award Villarreal an $3,500.00 for the work performed by his counsel on appeal.
DECREE
For the foregoing reasons, the judgment of the Office of Workers’ Compensation is affirmed. The judgment is amended to award an additional $3,500.00 in attorney fees to Robert Villarreal, Jr. All costs of this appeal are ^assessed to Defendants-Appellants.
AFFIRMED, AS AMENDED.